31256.   SMITH *v.* THE STATE.

DECIDED SEPTEMBER 12, 1946.

*Grady Rawls, G. Y. Harrell,* for plaintiff in error.

*R. A. Patterson, Solicitor-General, Miller & Head,* contra.

MacIntyre, J. ■ The defendant, Lee Smith, was indicted for the offense of assault with intent to murder and was convicted of the offense of assault and battery. His motion for a new trial was overruled and he excepted. The weapon used in the assault upon the prosecutor, according to the testimony of the State, was a pistol, and one phase of the evidence tended to show that if death had ensued the defendant would have been guilty of murder. Another phase of the evidence showed that had death ensued he would not have been guilty of murder. The judge did not err in charging on the subject of murder, manslaughter, and justifiable homicide. *Cicero* v. *State,* 54 *Ga.* 157 (3).

■ ■ The Code, § 26-1409, is as follows: "On the trial of an indictment for an assault, or an assault and battery, the defendant may give in evidence to the jury any opprobrious words, or abusive language, used by the prosecutor, or person assaulted or beaten; and such words and language may or may not amount to a justification, according to the nature and extent of the battery, all of which shall be determined by the jury." The defendant contends: "The only defense relied on by the defendant in this case was that he struck the prosecutor with his fist on account of words by the prosecutor to Smith about his wife, calling her a lying bitch, and that he struck the prosecutor on account of said words as shown by the evidence and the prisoner's statement which demanded and required a charge of said section to the jury." There was evidence for the defendant to support this contention; on the contrary, there was evidence by the State to support its contention that the assault was made with a pistol and was unjustifiable. The court charged the jury: "I charge you in the indictment charging and accusing the defendant with assault with intent to murder, this—that a man has the right to defend the chastity and virtue of his wife, and if you believe the defendant in this case struck the prosecutor Hovey, in defense of the chastity and virtue of his wife, and used no more force or violence than was provoked by the opprobrious words alleged to have been used concerning the defendant's wife, then the assault would have been justified." The defendant urges:

"The above charge was in error, because it was not authorized by the evidence or the prisoner's statement and because there is no evidence to authorize such charge; because there is no evidence in said case or the prisoner's statement involving the chastity of the wife of Lee Smith; because said charge is not adjusted to the evidence, nor does the prisoner's statement authorize the charge involving the chastity of the wife of the defendant." The word "bitch" is defined in the New Standard Dictionary (Funk & Wagnalls, 1924) as: "1. The female of the dog or other canine animal, and of some other carnivores, as of the otter and puma. 2. [Low.] Wench; hussy: an abusive epithet, often implying lewdness." Webster's New International Dictionary, 2d Ed. (G. & C. Merriam, 1936), defines the word "bitch" as: "1. The female of the canine kind, as of the dog, wolf, and fox. 2. Opprobriously, a woman, esp. a lewd woman; . . Vulgar." We think that, under this phase of the evidence, which was that the prosecutor, in the presence of the defendant, called the defendant's wife a "lying bitch," the jury would have been authorized to find that the prosecutor was attacking the chastity and virtue of the defendant's wife by applying to her the abusive epithet of "lying bitch," and that the excerpt from the charge was not subject to the objections urged.

The jury rejected the defendant's statement and the testimony of his witnesses, and accepted that phase of the testimony of the State which authorized them to find the defendant guilty of assault and battery.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*